UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00035

**James Anthony Hunter,**
*Plaintiff,*

v.

**Quintarrian Anthony et al.,**
*Defendants.*

# OPINION AND ORDER

Plaintiff James Anthony Hunter, proceeding pro se, sued Defendants Quintarrian Anthony and Smith County Jail for excessive use of force and for oppressing him.[1] The case was referred to a magistrate judge, and Defendant Anthony moved for summary judgment. The magistrate judge issued a report and recommendation that the court grant Defendant's motion for summary judgment and dismiss Plaintiff's claims against Defendant Anthony with prejudice. Doc. 45 at 14. The magistrate judge also recommended that the court construe Plaintiff's claim against Smith County Jail as a claim against Smith County and dismiss the claim without prejudice for failure to state a claim upon which relief can be granted. *Id.* at 11, 14. Plaintiff timely filed objections and Defendants filed a response.[2]

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews de novo the parts of the report that have been properly objected to. Fed. R. Civ. P.

---

[1] Although Plaintiff also alleges "Assault," his complaint otherwise focuses exclusively on his excessive use of force and oppression claims. The court therefore construes Plaintiff's allegation of assault as encompassed by his excessive use of force claim. *See Humphreys v. City of Ganado, Tex.*, No. 6:10-cv-00050, 2011 WL 284432, at *1 n.2 (S.D. Tex. Jan. 25, 2011) (construing a cause of action for assault and battery in violation of the Fourth Amendment as one excessive force claim).

[2] Plaintiff also filed a reply to Defendants' response without leave of court. Doc. 53. Local Rule CV-72(c) prohibits such briefing absent leave of court. The court therefore will not consider Plaintiff's reply.

72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc). An objection must identify the portions of the report that the party objects to. *See* Fed. R. Civ. P. 72(b)(2); *Nettles v. Wainwright*, 677 F.2d 404, 410 & n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d 1415. If no objections to a finding are made, the court will review the finding for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The court need not consider general or conclusory objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles*, 677 F.2d at 410 n.8). Nor will the court consider facts or issues raised for the first time in objections, as neither is properly before the district court. *See Bass v. Director, TDCJ-CID*, No. 6:17-cv-00223, 2020 WL 57279, at *2 (E.D. Tex. Jan. 3, 2020). An objection is not proper if it merely repeats an argument that the magistrate judge already responded to. *See Vela v. Presley*, No. 2:21-cv-00193, 2022 WL 2452139, at *1 (S.D. Tex. July 6, 2022) (citing *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

Plaintiff's objections suffer from several flaws. His objections largely recite arguments that the magistrate judge thoroughly evaluated and rejected. In support of those arguments, he raises new facts that are not properly before the court. Plaintiff also makes several general and conclusory objections and does not identify which specific findings he objects to.

That said, Plaintiff objects to the report's qualified-immunity analysis on the grounds that Defendant Anthony should be held liable in his official capacity. Although "[a] pro se litigant's pleadings are construed liberally," *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021), the court finds no basis to construe Plaintiff's claim against Defendant as against him in his official capacity. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). Nothing suggests that Plaintiff's claim against Defendant

Anthony is equivalent to a suit against Smith County. Indeed, Plaintiff brought a separate claim against Smith County Jail, which the magistrate judge correctly construed as a claim against the county. And not until now did Plaintiff suggest that qualified immunity does not apply to his claim against Defendant on the grounds that he sued Defendant in his official capacity. The report did not err in its qualified-immunity analysis.

Plaintiff's remaining objections lack merit. When a party seeks summary judgment, the court views the evidence and all factual inferences from that evidence in the light most favorable to the non-moving party. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Unsworn allegations in a brief are not evidence. *See Craig v. Martin*, 49 F.4th 404, 416 (5th Cir. 2022); *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). The parties agree that Defendant pepper-sprayed Plaintiff when Plaintiff removed stitches from his arm. The parties disagree on numerous other facts including what Plaintiff was doing when sprayed. These disputes do not create a genuine issue of material fact, however. Nearly all arise from unsworn allegations in Plaintiff's summary judgment briefing. Although Defendant Anthony allegedly said "let him cook" after spraying Plaintiff, Doc. 1 at 4, considering the overall evidence, that statement is insufficient to defeat summary judgment. And as the report thoroughly explained, plaintiff's assertion, "Smith County oppressing me," *id.*, is insufficient to state a plausible claim against Smith County.

Having reviewed the magistrate judge's report de novo, the court overrules Plaintiff's objections and accepts the report's findings and recommendations. Defendant's motion for summary judgment (Doc. 35) is granted and the claims against Defendant Anthony are dismissed with prejudice. Plaintiff's claim against Smith County is dismissed without prejudice for failure to state a claim upon which relief may be granted. Any pending motions are denied as moot.

*So ordered by the court on September 3, 2025.*

                        J. C AMPBELL  B ARKER
                        United States District Judge